**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Sherill E. PENNEY and George G. Hendricks, Defendants-Appellants.**

**No. 18584.**

United States Court of Appeals
Sixth Circuit.

Oct. 14, 1969.

H. H. Gearinger (Court Appointed), Chattanooga, Tenn., Gearinger & Vineyard, Chattanooga, Tenn., on brief, for appellants.

Alfred N. King, Department of Justice, Criminal Division, Washington, D. C., John H. Reddy, U. S. Atty., Chattanooga, Tenn., William D. Hyatt, Attorney, Criminal Division, Department of Justice, Washington, D. C., on brief, for appellee.

Before PHILLIPS and CELEBREZZE, Circuit Judges, and McALLISTER, Senior Circuit Judge.

McALLISTER, Senior Circuit Judge.

On March 22, 1967, James E. Turner, Gordon G. White, Sherill E. Penney, and George G. Hendricks were indicted for conspiring to carry on. the manufacture, transportation, sale at retail, and sale at wholesale of illicit, nontax-paid moonshine whiskey, as well as protecting the participants of the conspiracy from the police and from all law enforcement activity. In addition to the four persons above named who were indicted, thirty-seven others were named as co-conspirators, but not as defendants; and all were

charged with defrauding the United States by the above-mentioned conduct.

Of the four defendants, Turner, Commissioner of Fire and Police of the City of Chattanooga, Tennessee, and White were charged with arranging for the protection of the conspirators from the police; and Penney and Hendricks were charged as conspirators in the manufacturing and transporting of the non-tax-paid whiskey distributed by the conspirators in interstate commerce.

On a trial before a jury, Turner and White were found not guilty, and appellants Penney and Hendricks were found guilty.

On appeal, it is contended: (1) That the District Judge committed prejudicial error in denying appellants' motion to strike from the indictment the names of the persons named as co-conspirators, but not indicted as defendants; (2) That the District Judge erred in admitting, over the objection of appellants, evidence of alleged overt acts before there was any proof that a conspiracy existed; (3) That the District Judge erred in denying the motions of appellants for a directed verdict of acquittal, and (4) That the District Judge erred when, on his own initiative, he entered an order permitting or directing the Government to investigate the jury for possibilities of tampering; and then denied appellants an opportunity to discover whether they were denied due process of law by a trial in which they had twelve jurors.

■■ The basis for appellants' contention that the trial judge erred in denying appellants' motion to strike from the indictment the names of the persons named as co-conspirators, but not indicted as defendants, is that the listing of such persons as co-conspirators was prejudicial to appellants since it qualified the co-conspirators as witnesses against appellants and rendered admissible hearsay statements directed to them in furtherance of the conspiracy. Listing such persons as co-conspirators would not render admissible against appellants statements which would be incompetent under the hearsay rule. Whether statements made by a co-conspirator or others are admissible would depend upon whether they were made as a step in a venture to which the witnesses and appellants were parties. If they were, they were admissible in any prosecution or in any civil action; if they were not, they would be as incompetent in a prosecution for conspiracy as anywhere else. United States v. Pugliese, 153 F.2d 497, 500 (C.A. 2). "When men enter into an agreement for an unlawful end, they become ad hoc agents for one another, and have made 'a partnership in crime.' What one does pursuant to their common purpose, all do, and, as declarations may be such acts, they are competent against all." Van Riper v. United States, 13 F.2d 961, 967 (C.A. 2). There was no error on the part of the District Judge in refusing to strike the names of the co-conspirators from the indictment.

■ As to the claimed error of the District Judge in admitting, over the objection of appellants, evidence of alleged overt acts before there was any proof that a conspiracy existed, it has been held by this Court that where it is contended that the trial court erred in allowing the Government to prove overt acts of alleged conspiracy, without first presenting independent proof of the existence of the conspiracy, this is not error. "The order of proof in a conspiracy case is left to the discretion of the trial judge." United States v. Harris, 391 F.2d 348, 350 (C.A. 6), cert. denied, 393 U.S. 874, 89 S.Ct. 169, 21 L.Ed.2d 145.

Appellants contend that the District Judge erred in denying their motion to direct a verdict of acquittal. That appellants joined the conspiracy for which they were indicted, was shown by substantial evidence consisting of the testimony of witnesses Thompson, Frizzell, Ransom, Hollis, Denton, Grayson, Allen, Wooden, Robinson and Dixon.

■ The claim of appellants that the verdict of the jury was inconsistent and

incongruous in that Turner and White were acquitted, while appellants were convicted, is not a ground for reversal. The jury found appellants had participated in the conspiracy. This conspiracy appears to have embraced a corrupt element of the Chattanooga Police Department; but the jury's acquittal of Turner and White is explicable on the ground that the jury did not believe that the evidence was sufficient to prove beyond a reasonable doubt that Turner and White were a part of that corrupt element participating in the conspiracy.

Finally, it is contended by appellants that the District Court committed reversible error in denying their motion to permit them to interview and examine the jury, after the court had permitted counsel for the Government to question some or all of the jurors as to whether some or all of them had been approached about "their action in this case prior to being accepted for jury service." Matters had been brought to the attention of the court which, in its opinion, justified such questioning by Government counsel. The court, in denying appellants' motion to permit them to examine the jury, declared that the purpose of the order of the court permitting Government counsel to question the jurors "was not to enable the Government to undertake to attack the verdict."

At the time the court permitted Government counsel to interview the jurors, judgment had already been rendered and sentence passed. The interviews were limited to an investigation of jury tampering of which there was already evidence of record in the case.

██ Appellants failed to give any reasons or prove any facts which would justify their examination of the jurors. Because there had been evidence of the possibility of jury tampering during the trial, appellants were not thereby entitled, without any showing, to interview or question the jurors under order of the court. When there appeared evidence of possible jury tampering during the trial, appellants made no motion for

a mistrial or for any other action by the court.

There was no prejudicial error in the court's denial of appellants' motion, without cause shown, to permit them to interview and examine the jurors after verdict, judgment, and sentence.

In accordance with the foregoing, the judgment of the District Court is affirmed.